## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | |
| **Interstate Bakeries Corporation,** *et al.*, | ) | **Case No. 04-45814-11-JAW** |
| | ) | **United States Bankruptcy Court** |
| **Debtors.** | ) | **Western District of Missouri** |
| _____ | ) | |
| | ) | |
| **Lisa Foushee,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 06 CV 5784** |
| | ) | |
| **Mark T. Griffin, an individual, and** | ) | |
| **Interstate Brands Corporation,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

### INTERSTATE BRANDS CORPORATION'S RESPONSE TO MOTION FOR REMAND

NOW COMES INTERSTATE BRANDS CORPORATION ("IBC"), a Defendant, by and through its attorneys, and, for its response to the Motion for Remand (the "Motion") filed by Plaintiff, states:

### BACKGROUND

IBC does not dispute the factual assertions made by Plaintiff in the Background section of the Motion with the clarification that IBC is the defendant that commenced a bankruptcy proceeding on September 22, 2004. IBC disputes the legal conclusion in the Background section that this Court lacks federal subject matter jurisdiction for the reasons set forth in the Notice of Removal and below.

ARGUMENT

I. Remand Procedure

Plaintiff correctly notes that this removal was made pursuant to a special bankruptcy removal provision rather than the general removal statute. See 28 U.S.C. § 1452; Motion, at 2; Notice of Removal, ¶ 9. Thus, the remand provision contained within Section 1452 governs any motion to remand made pursuant to this special bankruptcy removal statute. See 28 U.S.C. § 1452(b).

However, the Motion confuses this remand with abstention. Section 1334 vests concurrent federal subject matter jurisdiction in the federal district courts for any proceeding which "arises in" a bankruptcy case, "arises under" title 11 of the United States Code (the "Bankruptcy Code"), or "relates to" a bankruptcy case. 28 U.S.C. § 1334(b). If such jurisdiction exists, Section 1452 entitles the debtor to remove the proceeding from the State courts to the federal district court in which the State court action is pending. 28 U.S.C. § 1452(a). The United States Bankruptcy Court for the Western District of Missouri has already determined that federal subject matter jurisdiction exists over this dispute under Section 1334. See Exhibit "A" to the Motion, at 1. On that basis, IBC was entitled to remove this action.

In the event of removal, the adverse party may seek remand for "equitable grounds." 28 U.S.C. § 1452(b). The Motion makes no reference to equitable grounds for remand and cites no authority supporting any contention that equitable grounds exist to support remand to the State court. Accordingly, the Motion should be overruled.

II. Abstention Procedure

In the alternative, Plaintiff impliedly seeks mandatory abstention pursuant to Section 1334(c)(2) rather than remand. Motion, at 3. Abstention is mandatory for a State law claim if

2

the federal court holds jurisdiction only because the proceeding is "related to" a bankruptcy case and if a timely adjudication can be obtained in the State court.

However, abstention is disfavored. The federal courts should exercise their jurisdiction if it is properly conferred. Abstention is the *exception* rather than the general rule. In re Chicago, Milwaukee, St. Paul & Pac. RR Co., 6 F.3d 1184, 1189 (7th Cir. 1993). Here, Plaintiff fails to present a compelling case for invoking the exception to the rule of retaining jurisdiction. Moreover, the Motion erroneously contends for its grounds that "there is no federal subject matter jurisdiction which allows removal." Id. This conclusion is based upon the observation that the cause of action originally arises under State law. To the contrary, this Court has jurisdiction not only because this proceeding is "related to" the IBC bankruptcy, but because the proceeding "arises in" the IBC bankruptcy case and "arises under" the provisions of the Bankruptcy Code.

    A. This Court Holds "Arising In" and "Arising Under" Jurisdiction.

        1. General

The Court's jurisdiction does not depend solely on "related to" jurisdiction, but instead this case "arises under" the Bankruptcy Code and "arises in" IBC's pending bankruptcy case. Notice of Removal, ¶¶ 6-8. Plaintiff cites no authority in support of the contention that these grounds for subject matter jurisdiction do not exist simply because a State law cause of action is involved.

Plaintiff does not dispute the fact that she filed a proof of claim in IBC's bankruptcy case. Notice of Removal, ¶ 5; Motion, at 2; see Exhibit A attached hereto. Stay relief was granted in order to liquidate the claim outside the bankruptcy court forum, but the proof of claim was and

remains filed for allowance against IBC's bankruptcy estate "under" Sections 501 and 502 of the Bankruptcy Code. See 11 U.S.C. §§ 501(a) & 502(a).

A proceeding "arises under" the bankruptcy law if it involves a cause of action created or delineated by a statutory provision of the Bankruptcy Code. In re H. King & Assocs., 295 B.R. 246, 258 (Bankr. N.D. Ill. 2003). Proceedings "arise in" a bankruptcy case if they encompass administrative matters of the bankruptcy case. Id. Such matters include allowance or disallowance of claims against the estate. 1 COLLIER ON BANKRUPTCY ¶ 3.01[4][c][iv] (15th ed. 2006), cited In re Kewanee Boiler Corp., 270 B.R. 912, 917 (Bankr. N.D. Ill. 2002). An action is "related to" a bankruptcy case if the outcome of the proceeding affects the amount of property for the estate or the allocation of property among the creditors. In re Fedpack Systems, Inc., 80 F.3d 207, 213-14 (7th Cir. 1996).

This action "arises in" a bankruptcy case – the IBC case - and "arises under" the bankruptcy law because Plaintiff has filed a proof of claim in the IBC bankruptcy case seeking recovery from the assets of the IBC bankruptcy estate. Proofs of claim are filed pursuant to Section 502 of the Bankruptcy Code in order to obtain payment from the assets of the bankruptcy estate. 11 U.S.C. § 502. Proofs of claim are directly concerned with the allowance (and, upon objection to a proof of claim, disallowance) of claims against a bankruptcy estate. The action also "arises under" the bankruptcy law because allowance of the proof of claim against the IBC bankruptcy estate resulting from any recovery in this suit is granted only pursuant to a provision of the Bankruptcy Code – Section 502. Such claim allowance does not exist outside bankruptcy. The action "arises under" Section 502 and the bankruptcy law in light of the proof of claim.

The proceeding is "related to" the IBC case because the judgment in this action will result in an allowed claim against those assets. In each case, a judgment here will bind IBC through

collateral estoppel and *res judicata* from relitigating liability or damages with respect to the proof of claim resulting in an allocable share of the bankruptcy assets. See In re Cochrane, 124 F.3d 978, 983 (8th Cir. 1997), cert. denied, 522 U.S. 1112 (1998) (principle of collateral estoppel applies in bankruptcy court to bar relitigation of factual or legal issues determined in State court action); see also 28 U.S.C. § 1738 (full faith and credit accorded State court judgments); Grogan v. Garner, 498 U.S. 279, 284 n. 11 (1991); Celotex Corp. v. Edwards, 514 U.S. 300, 305-08 (1995) (injunction action regarding a plaintiff's action against debtor's supersedeas bond surety was "related to" the case because surety in turn had recourse against debtor's assets).

In fact, a provision concerning bankruptcy court jurisdiction specifically addresses allowance or disallowance of claims. 28 U.S.C. § 157(b)(2)(B) (retaining district court rather than bankruptcy court jurisdiction for personal injury or wrongful death claims). This provision would be unnecessary if allowance of claims was the province of the State courts. Moreover, if the claim was determined to be a "related to" claim and, thus "non-core,"[1] the statute expressly provides that allowance of the same under Section 157(b)(2)(B) "shall *not* be the subject to the mandatory abstention provisions of section 1334(c)(2)." 28 U.S.C. § 157(b)(4) (emphasis added). This specific provision directly rejects the thrust of the Motion that State law claims are always subject to mandatory abstention.

For these reasons, the leading bankruptcy law treatise concludes that, when a proof of claim has been filed, "issues of interpretation and application of section 1334(c)(2) will arise in the context of suits *brought by the debtor* before the bankruptcy, or *by the representative of the estate* after the bankruptcy, against third parties." 1 COLLIER ON BANKRUPTCY ¶ 3.05[2] at 3-73 (15th ed. 2006). Conversely, this dispute concerns a claim by a creditor against the estate for a

---

[1] "Core" proceedings "arise in" a bankruptcy case or "arise under" the Bankruptcy Code. 28 U.S.C. § 157(b)(1).

claim arising before the bankruptcy on which a proof of claim has been filed in the federal bankruptcy court.

2. <u>Potential Insurance Coverage Irrelevant.</u>

Similarly, the fact that there *may* be insurance coverage for some or all of any claim liquidated in this proceeding has no bearing on the existence of jurisdiction. <u>See</u> Motion, at 3-4. While Plaintiff correctly notes that one of the motivations of permitting stay relief to liquidate the claim in nonbankruptcy courts was to enable Plaintiff to seek any such coverage, the other reason was to "establish the amount of" Plaintiff's claim against IBC. <u>See</u> Exhibit "A" to the Motion, at 2, ¶ 2; Notice of Removal, ¶ 4. There is no release of any liability of IBC's bankruptcy estate. Instead, the proof of claim would be valid against the estate for any amount allowed here that is not ultimately determined to be covered by insurance. Whether any portion of any such allowed claim will be covered by insurance or paid from IBC's bankruptcy estate is speculation at this time. Plaintiff thus appropriately alleges that there will be no effect on the bankruptcy estate "if" insurance covers the claim. Motion, at 4. In sum, potential insurance coverage has no bearing on mandatory abstention in this case.

B. <u>No Evidence Of Requisite Timely Adjudication In State Court.</u>

In addition, Plaintiff presents no evidence on the second element of Section 1334(c)(2) – that timely adjudication in the State forum can be obtained. Instead, Plaintiff merely makes conclusory statements of counsel with no supporting evidence that "this matter can be adjudicated in a timely matter in the circuit court," apparently because discovery has been exchanged and the case was "proceeding along." Motion, at 3.

There is no evidence presented that a trial setting has been obtained or when the case might be adjudicated in State court. Plaintiff has failed to meet her burden on this element of

Section 1334(c)(2). The requisite evidence in support of mandatory abstention has not been presented to the Court and the Motion should be overruled.

## CONCLUSION

The Notice of Removal established federal subject matter jurisdiction in this Court because this proceeding "arises in" the IBC bankruptcy case and "arises under" the Bankruptcy Code because Plaintiff has filed a proof of claim in the IBC case seeking allowance against IBC's assets in the bankruptcy case. In addition, the proceeding is "related to" the IBC bankruptcy because allowance of the claim could affect the allocation of the estate to creditors, including Plaintiff.

Though the Motion seeks, remand, it presented no evidence of "equitable grounds" for remand. Accordingly, the request for remand pursuant to Section 1452 of title 28 of the United States Code should be overruled.

The Motion has also failed to show that this proceeding does not "arise in" the IBC case or "arise under" the Bankruptcy Code. Accordingly, the first element of mandatory abstention provision pursuant to Section 1334(c)(2) of title 28 of the United States Code has not been established. Moreover, Plaintiff has failed to present any evidence that the dispute can be timely adjudicated in the State court in support of the second element of mandatory abstention. The implied request for abstention should be similarly overruled.

Therefore, IBC requests that all relief sought by the Motion be denied and this action set for disposition by this Court.

Respectfully submitted,

HAYNES, STUDNICKA, KAHAN,
O'NEILL & MILLER LLC

/s/   James R. Studnicka
James R. Studnicka (#6198167)
208 South LaSalle Street, Suite 1154
Chicago, IL  60604
312-332-6644

AND

STINSON MORRISON HECKER LLP

/s/   Mark S. Carder
Mark S. Carder
1201 Walnut, Ste. 2900
Kansas City, MO  64106-2150
816-842-8600  Phone

ATTORNEYS     FOR     INTERSTATE
BRANDS CORPORATION

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served upon counsel for Plaintiff, by first class mail, postage prepaid, and by facsimile transmission on November 27, 2006, at the following addresses of their counsel of record:

Timothy J. Rathbun
Lisa G. Chastain
Rathbun, Cservenyak & Kozol, LLC
3260 Executive Drive
Joliet, IL  60431-8401
*Attorneys for Plaintiff*

/s/  Mark S. Carder
Attorney for Interstate Brands Corporation

8