IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LISA FOUSHEE,  )
             )
    Plaintiff, )
             )
    v.       )   No. 06 C 5784
             )
MARK T. GRIFFIN, an individual, and )
INTERSTATE BRANDS CORPORATION, )
             )
    Defendants. )

## MEMORANDUM OPINION AND ORDER

This case concerns a 2002 automobile accident in Will County, Illinois, between plaintiff Lisa Foushee ("Foushee") and defendant Mark Griffin ("Griffin"). Foushee alleges that Griffin, the agent of defendant Interstate Brands Corporation ("IBC") negligently caused the collision. Foushee originally filed suit in the Circuit Court of Will County, Illinois. On September 22, 2004, IBC filed a voluntary petition, under Chapter 11 of Title 11 of the United States Code, in the United States Bankruptcy Court for the Western District of Missouri (the "bankruptcy court"). IBC's petition before the bankruptcy court led to an automatic stay of the state court case. On January 7, 2005, plaintiff filed a proof of claim in the bankruptcy proceeding. On May 4, 2006, plaintiff and IBC entered into an agreed order to lift the stay to establish the amount of plaintiff's claim. On October 24, 2006, IBC removed this case to federal court. Foushee subsequently moved, on November 17, 2006, to remand the case back to state court.

Foushee contends that this case should be remanded because the federal court lacks subject matter jurisdiction. In the alternative, Foushee contends that this court should abstain from hearing this case or should remand it under 28 U.S.C. §§ 1334 and 1452. I agree with defendants that the federal courts may exercise jurisdiction over this case because it is a case related to IBC's Chapter 11 petition. 28 U.S.C. § 1334(b); see also Zerand-Bernal Group, Inc. v. Cox, 23 F.3d 159, 161 (7th Cir. 1994) ("The reference to cases related to bankruptcy cases is primarily intended to encompass tort, contract, and other legal claims by and against the debtor, claims that, were it not for bankruptcy, would be ordinary stand-alone lawsuits between the debtor and others but that section 1334(b) allows to be forced into bankruptcy court so that all claims by and against the debtor can be determined in the same forum.") (citing In re Xonics, Inc., 813 F.2d 127, 131 (7th Cir. 1987)).

Although the federal courts have subject matter jurisdiction over Foushee's claim, however, the federal courts "shall" abstain from exercising jurisdiction over Foushee's claim if "an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction." 28 U.S.C. § 1334(c)(2). Abstention is mandatory under this provision when the following criteria are met:

> (1) the state law claim is a noncore proceeding; (2) there is no independent basis for federal jurisdiction other than the bankruptcy proceeding; (3) plaintiff has commenced the action in state court; and (4) the state court can timely adjudicate the matter.

Official Comm. of Unsecured Creditors of Wickes, Inc. v. Wilson, No. 06 C 869, 2006 WL 1457786, at *2 (N.D. Ill. May 23, 2006) (internal citations omitted). Here, Foushee's claim is a noncore proceeding because it does not invoke a substantive right created by federal bankruptcy law. See, e.g., Barnett v. Stern, 909 F.2d 973, 981 (7th Cir. 1990) (internal citations omitted). Foushee's complaint and defendants' notice of removal reveal no other basis for federal jurisdiction other than the bankruptcy proceeding. Foushee has already commenced a case (begun prior to IBC's bankruptcy petition) in state court in Will County, Illinois.

The parties dispute whether the fourth requirement is met, that the state court can timely adjudicate this matter. Foushee states that the parties have exchanged discovery in that state court case, and were prepared to begin taking depositions prior to the removal of the case to federal court. During a hearing before this court on December 21, 2006, counsel for Foushee also represented to the court that the Circuit Court of Will County has a minimal backlog and that a trial date can be set there with a few month's notice. At the hearing, counsel for defendants agreed with this assessment, although he stated that he had cases that were

3

even older in that court and that he believed that the court would now "make cases go much quicker than they have been." Counsel for defendants also stated that he could not imagine that the case would be tried more quickly in Will County than in federal court.

Defendants contend in their response to Foushee's motion to remand that Foushee has not made a sufficient showing under 28 U.S.C. § 1334(c)(2), but they do not contend that Foushee's factual basis for remand is inaccurate, nor have they provided any argument or evidence that allowing this matter to proceed in state court would delay the proceedings of the bankruptcy court. I therefore find that plaintiff has met the requirements of 28 U.S.C. § 1334(c)(2), and that I am therefore required to remand this case back to state court. For these reasons, I grant plaintiff's motion to remand.

ENTER ORDER:

*Elaine E. Bucklo*

Elaine E. Bucklo
United States District Judge

Dated: January 4, 2007